ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE    (425) 458-2121
FACSIMILE    (425) 458-2131

Honorable Judge Karen A. Overstreet
Chapter 13
Hearing Location: Seattle
Hearing Date: February 3, 2010
Hearing Time: 9:30 a.m.

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

MICHAEL J HINES and
KELLY R NELSON,

Debtors.

Chapter 13 Bankruptcy

No.: 09-21921-KAO

OBJECTION TO CONFIRMATION OF AMENDED PLAN DATED JANUARY 26, 2010 BY JP MORGAN CHASE BANK, NATIONAL ASSOCIATION AS PURCHASER OF THE LOANS AND OTHER ASSETS OF WASHINGTON MUTUAL BANK, FORMERLY KNOWN AS WASHINGTON MUTUAL BANK, F.A.

COMES NOW JP Morgan Chase Bank, National Association as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, F.A. ("Creditor"), and objects to confirmation of the proposed Amended chapter 13 plan (The "Plan") of Michael J Hines and Kelly R Nelson ("Debtor" collectively hereafter). The basis for this objection is that the Plan does not comply with the provisions of Title 11, chapter 13 of the United States Bankruptcy Code and thus should not be confirmed by the Court.

**I.    BACKGROUND**

On or about July 23, 1998, Ward K. Swallow and Kelly R Nelson, executed and delivered a note in favor of North American Mortgage Company in the original principal amount of $172,550.00. This Note was secured by a Deed of Trust ('Deed') encumbering real property commonly described as 784 Descartes Avenue Henderson, NV 89015 ('Property'). Creditor is the holder of the note or services the note for the holder. On November 13, 2009, Debtor filed for

Objection to Confirmation of Amended Plan
Page - 1

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

protection under Title 11, chapter 13 of the United States Code under cause number 09-21921-KAO in the above listed court. The outstanding balance due on the Note as of filing is approximately $140,626.47. The loan was contractually current at the time of the bankruptcy filing.

## II. ARGUMENT AND AUTHORITY

Creditor objects to confirmation because the Plan does not provide for Creditor's secured claim. Under 11 U.S.C. § 1325(a)(5) the Court shall confirm a plan only if as to each secured claim the claim holder accepts the plan and the plan provides for distribution to that creditor in an amount not less than the value of the allowed secured claim. Further, under 11 U.S.C. § 1325 (a)(1) and 1322 (b)(2) a plan must provide for the cure of an existing default within a reasonable time and require the maintenance of payments while the case is pending on a secured claim on which the last payment is due after the date on which the final payment under the plan is due. The maturity date under the Note and Deed of Trust is August 1, 2028. Because August 1, 2028 is beyond the term of Debtors' plan, 11 U.S.C. § 1322(b)(5) is applicable. The Plan does not provide for Creditor's secured claim. To the extent that Debtors intend to retain the Property, the Plan must provide for maintenance of Creditor's ongoing loan payment.

## III. CONCLUSION

For all of the above reasons, the proposed chapter 13 plan fails to comply with the requirements of Title 11 of the United States Code. Therefore, Creditor respectfully requests the Court deny confirmation of the proposed Chapter 13 plan. If the court sustains this objection and denies confirmation, Creditor respectfully requests that the Court set a deadline by which an amended plan is to be filed.

DATED this __27__ day of __January____, 2010.

**ROUTH CRABTREE OLSEN, P.S.**
Attorneys for Creditor

__/s/ Melissa Romeo, WSBA# 40644 for__
By: Jennifer Aspaas, WSBA# 26303

Objection to Confirmation of Amended Plan
Page - 2

**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131